MICHAEL REEVES
905 E 2ND ST
LOS ANGELES, CA 90012

FILED
CLERK, U.S. DISTRICT COURT
7/9/2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___EC___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

☐ FPD   ☐ APPOINTED   ☐ CJA   ☒ PRO PER   ☐ RETAINED

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL REEVES<br><br>PLAINTIFF(S)<br>v.<br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), ALEJANDRO MAYORKAS (in their Official Capacities)<br>PREMISE DATA CORPORATION<br>DEFENDANT(S). | CASE NUMBER:<br><br>2:25-cv-06312-JLS-DTB<br><br>**MEMORANDUM OF LAW** |

## Petitioner's MEMORANDUM in support of Emergency Relief and Protection Order

## I. Unlawful Surveillance by Premise Data Corp.
Fourth Amendment and State☐Action Liability

Although Premise is a private corporation, its contracting with U.S. intelligence agencies transforms its data☐collection into "state action" for Fourth Amendment purposes under Jackson v. Metropolitan Edison Co., 419 U.S. 345, 357 (1974). Courts hold that a private actor performing a traditionally exclusive governmental function (intelligence gathering) is subject to constitutional constraints.

Premise's network of gig workers "snapping photos," logging WiFi and cell tower signals, and geolocating devices—often without notice or consent—falls squarely within the "reasonable expectation of privacy" protected by Katz v. United States, 389 U.S. 347 (1967) us.headtopics.com.

---

EX PARTE APPLICATION AND DECLARATION FOR ORDER

A-13 (01/08)

**Intrusion Upon Seclusion**

Under Restatement (Second) of Torts § 652B, liability attaches where one "intentionally intrudes…upon the solitude or seclusion of another…in a manner that would be highly offensive to a reasonable person."

Mapping private wi-fi networks, tracking individual movements, and collecting metadata through covert "proxy activities" (e.g., counting ATMs as a pretext for location-tracking) are paradigmatic intrusions. scoop.it

**Covert Collection of Sensitive Aggregations**

As the Office of the Director of National Intelligence warned, the aggregation of commercially available data—location, communications metadata, social associations—can "cause harm to an individual's reputation, emotional well-being, or physical safety." westernjournal.com

This unregulated "open-source" harvest exceeds any private actor's privilege and violates § 2702 of the Stored Communications Act (prohibiting wrongful disclosure of communications records).

**Patterned Harassment, Bullying, and Intentional Infliction of Emotional Distress Patterned Behavior as Harassment/Stalking**

Many jurisdictions define "stalking" to include repeated surveillance and unwanted following. E.g., California Penal Code § 646.9 proscribes "willful" monitoring that "would cause a reasonable person to fear for their safety."

Premise's around-the-clock tracking, combined with drone over-flights (below), satisfies both statutory stalking and common-law harassment.

.

**Intentional Infliction of Emotional Distress (IIED)**

IIED requires (i) outrageous conduct, (ii) intent or recklessness, (iii) causation, and (iv) severe emotional distress (Hustler Magazine v. Falwell, 485 U.S. 46, 56 (1988)).

Premise's coordinated, secretive surveillance campaigns—designed to disrupt sleep, induce paranoia, and "force individuals to harm themselves"—is "atrocious" and "beyond all possible bounds of decency" (quoting State Rubbish Collection Co. v. Siliznoff, 377 U.S. 375, 380 (1964)).

**Conspiracy to Commit Suicide or Self Harm**

Civil and criminal statutes (e.g., 18 U.S.C. § 241–242) prohibit conspiracies to inflict bodily injury or coerce self-harm; organizing surveillance to drive a victim to suicide implicates these provisions

**Unlawful Drone and Helicopter Surveillance and Harassment Airspace Trespass and Nuisance**

Under United States v. Causby, 328 U.S. 256 (1946), a person's rights extend to the immediate reaches above them (roughly 83 ft.); unauthorized low-altitude drone flights for nearly two years at 24 hours a day is excessive, and constitute a trespass and harassment.

Repeated, noisy incursions are a private nuisance when they "substantially and unreasonably interfere" with use and enjoyment of land (Restatement (Second) of Torts § 821 B).

**FAA Regulations and State Drone Laws**

14 C.F.R. § 91.119 prohibits flight "over any person…under 500 feet AGL" without clearances; intentional violation demonstrates willful misconduct.

Many states (e.g., California's AB 856) criminalize low altitude flights "over private property without consent" when done to harass or invade privacy.. . The petitioner's body is his property. His vehicle is his property. His home is also his property. Not to mention, his office.

## Government Technology and Apparatus Must Not Be Used to Harass

Civilians Federal and state laws prohibit public actors from abusing their authority under color of law. The Fourth and Fourteenth Amendments to the U.S. Constitution guarantee individuals protection from unreasonable governmental intrusions and arbitrary state action. When emergency vehicles are intentionally routed using AI-enhanced systems to pass a known civilian target, stop abruptly nearby, or blast sirens without justification, these acts amount to an unlawful seizure of peace and liberty.This practice violates 42 U.S.C. § 1983, which holds government officials liable for the deprivation of any rights, privileges, or immunities secured by the Constitution.

Under the common law tort of Intentional Infliction of Emotional Distress, repeated and extreme conduct that causes psychological trauma or fear constitutes a legal wrong. The continued targeting of the Petitioner with loud sirens and abrupt noise events—designed to startle, alarm, or intimidate—crosses the threshold of outrageous conduct. The deliberate deployment of emergency signals near Petitioner, without a bona fide emergency, cannot be justified as incidental. These actions are intentional, reckless, and designed to cause severe emotional harm.

## Misuse of Artificial Intelligence Routing and GPS Data

The exploitation of AI-based GPS mapping tools to direct emergency vehicles past a specific location repeatedly—where no emergency exists—is a misuse of public safety algorithms for unlawful surveillance and harassment. These systems are intended to maximize safety and efficiency, not to enable predictive  behavioral harassment.Recent whistle blower reports and journalistic  investigations (e.g., The Wall Street Journal, ACLU reports on predictive policing) reveal the dangers of algorithmic misuse.

AI-based systems must be subject to transparency, accountability, and auditable intent. The absence of a legitimate emergency in these instances renders the use of sirens arbitrary, malicious, and potentially in violation of the Equal Protection Clause if disproportionately used against Petitioner.

**Violation of the Right to Bodily and Mental Integrity**

The repeated auditory assaults via sirens may constitute a violation of the Petitioner's right to bodily integrity, a principle upheld in Rochin v. California, 342 U.S. 165 (1952).

That case involved physical intrusion,and Reeves has also suffered physical intrusion, courts have since recognized that psychological integrity is equally worthy of protection under substantive due process. The intentional use of excessive noise to provoke stress responses, fear, or trauma is akin to psychological batter**y.**

When government actors or systems are used—directly or indirectly—to harass, intimidate, or torment civilians through the weaponization of sirens, noise, and AI-routing technologies, such acts become constitutional and tortious violations. Petitioner respectfully urges this Court to recognize the pattern of misconduct and to order an injunction, conduct a discovery review of routing and dispatch logs, and issue relief to protect Petitioner from further psychological and civil harm.

NATURE OF THE LAWSUIT
This civil action is filed under 42 U.S.C. § 1983, with related tort and constitutional claims.

**The primary nature includes:**
1. Civil Rights Violations (42 U.S.C. § 1983)Violation of constitutional rights under the First, Fourth, and Fourteenth Amendments.Government misuse of AI/GPS technology and emergency services as a tool of harassment and retaliation.

2. **Tort Claims FTCA Intentional Infliction of Emotional Distress (IIED), Invasion of privacy, Nuisance AND battery (via sound/psychological disturbance)**

Sleep disruption, PTSD symptoms, Panic attacks or anxiety disorders, Hearing damage or hypersensitivity, Worsening of pre-existing conditions

3. Medical Injury or Psychological Harm Physical and mental symptoms caused or worsened by the repeated stress and trauma. emotional distress, psychological damage, memory damage, phobia.

Plaintiff seeks $25Million Dollars in punitive damages because the defendants are unknowingly committing harm and actively taking steps to hide and to conceal their wrongdoings.

WHEREFORE, plaintiff prays that this Honorable Court grants him the appropriate that he needs.

_____                                    _____
Date                                                                    MICHAEL REEVES