JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-06312-JLS-DTB Date: July 18, 2025
Title: Michael Reeves v. United States Customs et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Kelly Davis | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER (1) DENYING REQUEST TO PROCEED IN FORMA PAUPERIS (Doc. 5); AND (2) DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

*Pro se* Plaintiff Michael Reeves filed the instant action on July 9, 2025, along with a request to proceed In Forma Pauperis. (Compl., Doc. 1; IFP Req., Doc 5.) On July 10, 2025, Plaintiff filed an identical[1] complaint and IFP request against the same defendants in a separate action, Case No. 2:25-cv-06288-FWS-DFM, set before Judge Slaughter. (25-6288 Compl., Doc. 1.) Judge Slaughter dismissed the 25-6288 action for lack of subject matter jurisdiction, and denied Plaintiff's IFP request. (25-6288 Order, Doc. 9.) The 25-6288 action was terminated that same day. (*Id.*) On July 14, 2025, Plaintiff filed a motion for reconsideration of the 25-6288 order of dismissal; however, Plaintiff's motion was filed on the docket in the instant 25-6312 action. (Mot. for Reconsideration, Doc. 11.) As this case and the 25-6288 action are duplicative, the Court treats Plaintiff's motion for reconsideration as a request that this Court neither deny Plaintiff's IFP request

[1] The only difference between the two complaints is that, in the instant action, Plaintiff attached all supporting evidence directly to the Complaint. (*See* Compl.) In the 25-6288 action, Plaintiff submitted essentially the same supporting evidence as a separate filing. (*See* 25-6288 Evidence, Doc. 5.)

nor dismiss the Complaint. However, upon review of the filings and for the reasons set forth below, the Court concludes that Plaintiff's IFP request must be DENIED and the action DISMISSED for lack of subject matter jurisdiction

Plaintiff, a Liberian national who was granted deferral of removal under the Convention Against Torture ("CAT"), alleges that he faces "surveillance, harassment, and detention attempts" by Immigration and Customs Enforcement ("ICE") and a third-party ICE contractor. (Compl. at 1–3, 20.) This harassment includes "[s]trangers in public … taunting [Plaintiff] with threatening remarks about calling ICE," being "followed by drones 24 hours a day for the past 17 months or longer," and being exposed to "[t]riggering sirens, horns, lights and emergency vehicle presence[.]" (*Id.* at 5–7, 10.) Plaintiff also alleges that he has been arrested several times. (*Id.* at 4.) Plaintiff seeks "a temporary and ultimately permanent injunction prohibiting [ICE] from engaging in further acts of harassment, detention, and retaliatory enforcement" as well as an injunction against third-party surveillance and harassment (*Id.* at 3, 7.)

Judge Slaughter's 25-6288 Order concluded that Plaintiff failed to meet his burden to show that the action fell within the Court's jurisdiction. (25-6288 Order at 2.) That reasoning is applicable here, notwithstanding the arguments presented in Plaintiff's motion for reconsideration.

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). The Court may raise the issue of subject matter jurisdiction at any time, *sua sponte*. *See U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988). If "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

*First*, Plaintiff's request that the Court enjoin ICE from further harassment and detention of Plaintiff is not ripe for review, and the Court thus lacks jurisdiction over the action. *See Jaswinder v. McAleenan*, 2020 WL 13311407, at *2 (C.D. Cal. Dec. 7, 2020) ("[T]o the extent that Petitioner seeks to enjoin future confinement by ICE, the issue of whether such hypothetical future confinement will violate Petitioner's constitutional rights is not ripe for review.") (citing cases); *Gonzalez-Cruz v. United States*, 2020 WL 439942, at *4 (D. Or. Jan. 28, 2020) ("Because the Court cannot adjudicate the legality of Petitioner's hypothetical future detention [by ICE] based on the current record, this case, at a minimum, is not ripe for decision as a prudential matter.").

This conclusion is unaltered by Plaintiff's argument that he is "not merely speculating about a potential future injury" because he is "currently the subject of an active ICE warrant" which is "an instrument of unconstitutional retaliation" causing "daily harassment, electronic surveillance, [and] stalking behavior by government-affiliated actors." (Mot. for Reconsideration at 2–3.) Plaintiff's Complaint provides that he was granted "legal immigration status" in the form of deferral of removal under CAT. (Compl. at 1, 20.) This deferral is "effective … until terminated[.]" 8 C.F.R. § 1208.17(b)(iii). Plaintiff includes no allegations that his immigration status has changed, and the mere issuance of an administrative warrant is not per se unlawful. *See* 8 C.F.R. § 287.5(e)(2) (providing that certain immigration officers may issue "arrest warrants for immigration violations"); *cf. Kidd v. Mayorkas*, 734 F. Supp. 3d 967, 984 (C.D. Cal. 2024) (administrative warrants are "insufficient to enter the constitutionally protected areas of a home[.]"). Furthermore, an administrative warrant is not a removal order. *Ochoa v. Campbell*, 266 F. Supp. 3d 1237, 1256 (E.D. Wash. 2017). For these reasons, Plaintiff's request for injunctive relief against ICE is not ripe, and the Court lacks jurisdiction.

*Second*, Plaintiff's claims of "24/7" third-party surveillance and harassment in the form of "repurposed emergency alert and response systems," (Compl. at 10), are "wholly insubstantial" or "obviously frivolous" and thus fail to "raise a substantial federal

question for jurisdictional purposes." *Shapiro v. McManus*, 577 U.S. 39, 45 (2015); *see also Grady v. United States Government*, 702 F. App'x 929, 930 (11th Cir. 2017) (allegations that "government employed surveillance specialists to harass" and "electromagnetic surveillance" to monitor plaintiff properly dismissed for lack of jurisdiction). While Plaintiff's motion for reconsideration contends that dismissal is "premature" absent further development of the factual record, (Mot. for Reconsideration at 4), no fact development could cure the "wholly insubstantial" nature of Plaintiff's harassment claims. The Court does not deny that the surveillance technologies mentioned in the Complaint—such as, drones, GPS tracking, and artificial intelligence—exist. However, Plaintiff's allegations that such technologies have been "utilize[d]" by an "extensive network of contributors to harass, stalk, harm or kill" plaintiff" are entirely fanciful. (*See* Compl. at 3.) For this reason, the claims are frivolous and do not fall within the Court's jurisdiction.

Finally, given the unripe and frivolous nature of Plaintiff's claims, leave to amend would be futile. *Los Angeles Mem'l Coliseum Comm'n v. City of Oakland*, 717 F.2d 470, 473 (9th Cir. 1983) (affirming denial of leave to amend where action was not yet ripe); *Monaghan v. Trebex*, 35 F. App'x 651, 651 (9th Cir. 2002) (affirming dismissal without leave to amend of "futile" claims where plaintiff alleged "he [was] the object of a nationwide conspiracy"); *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005) (amendment is futile where "no set of facts can be proved under the amendment that would constitute a valid claim.").

For the above reasons, the Court lacks jurisdiction over this action. Accordingly, Plaintiff's IFP Request is DENIED, and the Complaint is DISMISSED without prejudice, and without leave to amend.

Initials of Deputy Clerk: kd